RASSEL & SONS CO v BECK, Etc

Ohio Appeals, 6th Dist, Lucas Co

No 2846. Decided Feb 5, 1934

Doyle & Lewis, Toledo, Milo J. Warner, Toledo, and Ernest C. Schatz, Toledo, for plaintiff in error.

Boggs & Chase, Toledo, for defendant in error.

**OPINION**

By LLOYD, J.

We have considered with great care the amount of the verdict and, although the nature of the injuries sustained by this young lady are admittedly serious, we are unanimously agreed that this verdict of $18,000.00 which at 5% interest would yield an annual income in perpetuity of $900.00, is excessive and in that regard is manifestly against the weight of the evidence.

In his charge, the trial judge instructed the jury that

"Now, right of way may be defined to be the right of one vehicle to proceed uninterruptedly in a lawful manner in the direction in which it is moving in preference to another vehicle approaching from a different direction in its path. And where two automobiles are approaching each other on intersecting streets, the operator of that vehicle shall yield the right of way at the intersection of its path and the path of the other vehicle having the green light. But the mere fact that one vehicle by reason of a green light has the right of way over another vehicle at a street intersection, does not relieve the driver of the vehicle thus favored from the duty of exercising ordinary care not to injure others at such street intersections.

Let me further explain that while a driver of an automobile may have the right of way as against another automobile approaching at an intersection on a cross street, it is not an absolute, inflexible or unqualified rule, but only a right of precedent, where the rights of the two machines would otherwise be equally balanced and the fact that a driver of an automobile who is met at an intersection by a green light, is given a right of way to proceed uninterruptedly in a lawful manner, does not give him the right to depend upon the light alone but he must observe all applicable laws and ordinances relating to speed and drive with consideration to the traffic on the street at right angles and exercise ordinary care to prevent injury to one crossing in front of him without right so to do."

It is true that in the instant case the progress of the automobile and the truck at the Sylvania-Detroit intersection was regulated by automatic traffic signals instead of being determined by the statutory provision that at an intersection, except as otherwise provided, a vehicle approaching from the right shall have the right of way. It is otherwise provided by §6310-35, GC, wherein it is stated that

"pedestrians and drivers of vehicles * * * shall obey all automatic traffic signals."

And by an ordinance of the City of Toledo, it is provided that

"pedestrians and vehicles moving with the green light shall have the right of way."

An ordinance of the city also provides that the driver of a motor vehicle may prepare to start when the yellow or amber signal appears, but shall not start "until the green light is illuminated." It is not alleged in the amended petition of plaintiff, nor was there any testimony offered that either the plaintiff or defendant started across the intersection on the amber light, or that either was rightly in the intersection when the signal, which he was required to attend, changed from green to red. So that the law, at least as applied to the facts in the instant case, would not be different from that applicable if there had been no automatic traffic signals controlling the traffic at this intersection, except that the signals gave the right to proceed alternately to motor vehicles on these two streets. The above quoted instruction is prejudicially erroneous in that, accordingly as the jury might find the fact to be, the operator of the vehicle rightly in the

intersection in obedience and conformity to the signal to proceed, if proceeding in a lawful manner, would have the absolute right of way across the intersection instead of a relative right of way as stated by the trial judge, unless such operator should discover just as he was approaching or entering the intersection, that the other driver was violating the law and was not yielding to him the right of way, in which event it would be the duty of the driver having the right of way not to wantonly injure the other but to use ordinary care to avoid injuring such driver after becoming aware of the perilous situation in which the negligent driver had placed himself. **Morris v Bloomgren, 127 Oh St, 147.**

The trial judge also charged the jury that the location of the occurrence in question "was within the business or closely built up portions of said city." In view of the meager evidence on the subject, this court is of the opinion that reasonable minds might differ as to whether or not this location was within the business or closely built up "portions" of Toledo. Surely, within the definition of the Supreme Court in **Community Traction Co. v Konte, 122 Oh St, 514,** it was not a closely built up portion of the city.

This question, in the judgment of this court, should have been left to the jury and because its determination affected materially the rate of speed at which the vehicles might prima facie lawfully proceed, to so charge the jury was prejudicial error. **Houston v Schreiber, 34 Oh Ap, 244.**

There was introduced in evidence by defendant an ordinance which provides that

"No person under the age of sixteen years shall drive a motor vehicle upon a street or thoroughfare of the City of Toledo."

There is no evidence in the record tending to show that plaintiff was wanting in the experience, intelligence and discretion which a competent automobile driver should possess. On the contrary, the evidence clearly shows that, except for the inhibition of the ordinance, she possessed the qualifications necessary to operate an automobile. It seems apparent to us that the mere fact that Miss Beck was under sixteen years of age, bore no causal relation to and did not proximately cause or proximately contribute to cause the injuries she sustained. The failure of the court to charge the jury that a violation of this ordinance was negligence per se, if that be the law, was therefore immaterial and not prejudicial error.

The misconduct of counsel complained of is that in argument, after intimating and stating that a witness for defendant "never was there," one of counsel for plaintiff, referring to this witness and to another witness, said they "were guessing for a reason, that they are employed by the railroad that these lawyers represent," referring to The New York Central Railroad, of which counsel for defendant were then and now are attorneys. Counsel in their zeal to successfully represent a client, without intention so to do, sometimes go beyond the warrant of right in the precaution of their cause, which done however, does not change the effect of what is done, and in this case we think that what was said had much better have been avoided. Without further comment thereon, we suggest that it be not repeated.

We find no reversible error in the record, except as above mentioned. Judgment of the Court of Common Pleas is reversed and the cause remanded to that court for a new trial.

Reversed and remanded.

RICHARDS, J, concurs.

WILLIAMS, J, concurs in the judgment of reversal upon the ground that the verdict is manifestly against the weight of the evidence as to amount.